UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:19-cv-62917

RICHARD FREEMAN,

    Plaintiff,

v.

CITY OF COOPER CITY,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, RICHARD FREEMAN, ("Plaintiff" or "Freeman"), by and through their undersigned attorneys, hereby files this Complaint against Defendant, CITY OF COOPER CITY (the "Defendant") , and avers:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §201, et seq., hereinafter called the "FLSA" to recover unpaid minimum wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. Venue is proper in this Court because the Plaintiff resides within the District and Defendant's maintain business operations within the District.

## INTRODUCTION AND PARTIES

4. This is an action for failure to pay minimum wages pursuant to 29 U.S.C. §216(b) and 29 U.S.C. §206.

5. Defendant has violated the FLSA by refusing to pay Plaintiff minimum wages for a ten (10) day period after being laid off by Defendant.

6. At all material times hereto, Plaintiff was and continues to be a resident of Broward County, Florida.

7. At all material times hereto, Defendant is a City in Broward County, Florida engagend in business in Florida, with a principal place of business in Broward County, Florida.

8. Defendant has been aware of Plaintiff's claim since at least October 23, 2019.

9. At all material times hereto, Plaintiff was engaged in commerce within the menaing of §6 and §7 of the FLSA.

10. At all material times hereto, Plaintiff was an employee of Defendant within the meaning of the FLSA.

11. At all material times hereto, Plaintiff worked as a non-exempt, salary paid employee of Defendant.

12. At all material times hereto, Defendant was an employer within the meaning of the FLSA.

13. At all material times hereto, Defendant was, and continues to be, an enterprised engaged in commerce and an enterprise engaged in the handing, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person within the meaning of the FLSA.



14.     Based upon information and belief, the annual gross revene of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

15.     At all material times hereto, Defendant had two (2) or more employees handing, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

16.     At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

17.     All conditions precedent to the filing of this action have occurred, been waived, or been otherwise performed.

## STATEMENT OF FACTS

18.     Defendant hired Plaintiff to work as a non-exempt director with a base salary.

19.     Plaintiff worked for Defendant for approximately three years until he was terminated by Defendant on September 24, 2019.

20.     Plaintiff received an annual base salary from Defendant and was provided with a W-2 by Defendant at the end of each tax year.

21.     During the time Plaintiff worked for Defendant, he regularly worked forty (40) hours each week.

22.     The work Plaintiff performed was essential and integral to Defendant's business.

23.     Plaintiff was economically dependent upon Defendant for his livelihood during the time that he was employed by Defendant.

24.     Upon being hired, Plaintiff received Defendant's employee handbook by which he was bound.


101 NE Third Avenue, Suite 1500 I Fort Lauderdale, Florida 33301 I 954.637.3713 I www.skslegalgroup.com

25. According to section 1.24 of the City's Manual of Personnel Policies, an employee is entitled to at least ten (10) working days' notice of a layoff.

26. Upon receiving notice of his layoff on September 24, 2019, Plaintiff was notified that he did not need to return to work during the ten (10) day notice period, but that he would be paid for this time.

27. Further, Section 1.24 of the City's Manual also states that an employee is entitled to accrued vacation pay and sick leave, if applicable, and one (1) week's (five working days) severance pay.

28. Upon being terminated by Defendant, at the time of Defendant's next payroll, Plaintiff received a final paycheck which included 13.6 hours in wages at his wage rate of $39.24 per hour, plus vacation pay and one (1) week's severance pay. The 13.5 hours paid for by Defendant represented hours worked by Plaintiff on September 23 and 24, 2019, up until the time he was notified of his termination,

29. Defendant failed to pay Plaintiff for the ten (10) working days following notice of his layoff when they paid Plaintiff's final paycheck.

30. As such, the amounts paid to Plaintiff were insufficient to cover the minimum wage for Plaintiff's ten (10) hours of work.

31. Plaintiff was entitled to receive the applicable minimum wage for each hour worked in each week of employment for Defendants, including but not limited to the ten (10) working days following Defendant's notice of layoff to Plaintiff.

32. After failing to receive the ten (10) working days of wages from Defendant, Plaintiff engaged the undersigned counsel to represent him in this action and has agreed to pay the undersigned a reasonable fee for its services.



33. The undersigned sent a letter to Defendant under cover dated October 23, 2019, apprising Defendant of their failure to pay Plaintiff wages due.

34. Over six (6) weeks after Plaintiff was terminated by Defendant, on November 4, 2019, Defendant acknowledged their failure to timely pay Plaintiff minimum wages for the ten (10) working days of wages, and sent Plaintiff a check for the wages owed.

35. Defendant failed, and continues to fail to pay Plaintiff his liquidated damages, attorneys' fees or costs, which he is due under the FLSA.

36. In fact, Defendant has willfully and recklessly taken the position that the applicable minimum wage requirements of the FLSA do not apply to Defendant as Plaintiff's employer.

37. Defendants have violated 29 U.S.C. §206 as no payment or provisions for payment have been made by Defendant to properly and timely compensate Plaintiff at the applicable minimum wage for all hours worked, as provided by the FLSA due to the polices and practices described above.

38. Defendant knew or should have known with reasonable diligence that its conduct violated the FLSA or was in reckless disregard for its provisions, given the full-time work of Plaintiff that was integral to its business, subject to written employee rules. As such, Defendant's violation of the law was willful.

39. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

## COUNT I
## BREACH OF MINIMUM WAGE COMPENSATION

40. Plaintiff restates and realleges paragraphs 1 through 39 above as if fully set forth herein.

41. Plaintiff was an employee of Defendant.



42. Defendant was an employer of Plaintiff as defined by the FLSA.

43. Defendant is a covered enterprise as defined by the FLSA.

44. Defendant failed to timely pay Plaintiff the applicable minimum wages for hours worked for Defendant.

45. As a result of Defendant's actions in this regard, Plaintiff was not timely paid the applicable minimum wage for all hours worked during one or more weeks of employment with Defendant.

46. Defendant has specific knowledge that they were paying sub-minimum wage to Plaintiff, but still failed to timely pay the applicable minimum wage in one or more workweeks.

47. Defendant has failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48. Defendant has willfully and recklessley denied that the applicable provisions of the FLSA apply to Defendant as Plaintiff's employer.

49. Defendant has willfully and recklessly failed to pay Plaintiff his liquidated damages, attorneys' fees, and costs due to him under the FLSA.

50. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff for minimum wages, when they knew, or should have known, such was, and is due.

51. Plaintiff has suffered harm and continues to suffer harm in the form of unpaid wages as a result of Defendant's violations of the FLSA.

52. Plaintiff is owed additional compensation in the form of unpaid minimum wages and liquidated damages.



53. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff pursuant to Section 216(b) of the FLSA, requests entry of judgment in Plaintiff's favor and against Defendant for actual and liquidated damages, as well as costs, expenses, and attorneys' fees, and such other relief deemed proper by this Court.

## JURY DEMAND

54. Plaintiff demands trial by jury on all issues so triable.

Dated: November 25, 2019                          Respectfully Submitted,

*/s/ Robert C. Streit*
ROBERT C. STREIT, ESQ.
Fla. Bar No.: 70780
SKS LEGAL GROUP, P.A.
101 NE Third Avenue, Suite 1500
Fort Lauderdale, Florida  33301
Telephone: (954) 637-3713
Email: rstreit@skslegalgroup.com
*Attorneys for Plaintiff*

